UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES,

   -against-

OVIDIO PEREZ SANCHEZ,

           *Defendant*.

16-CR-661 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

    Ovidio Perez Sanchez, currently incarcerated at FCI Coleman Low in Coleman, Florida, filed an emergency motion for miscellaneous relief asking me to "enter an Order finding that a Final Order of Deportation entered after the expiration of a sentence cannot be used to go back and retroactively remove credits a Defendant already earned." Emergency Mot. 3, ECF No. 194. Because the relief that Mr. Perez Sanchez seeks is properly construed as a petition pursuant to 28 U.S.C. § 2241, and because I cannot construe his motion as such without first providing him with a warning and the opportunity to withdraw his motion, I grant Mr. Perez Sanchez thirty (30) days to object or withdraw his motion.

## BACKGROUND

    On March 12, 2024, I issued an order and opinion granting Mr. Perez Sanchez's motion requesting a one-day term of supervised release, finding that the factors set forth in 18 U.S.C. § 3553(a) weighed in favor of doing so to make him eligible to apply First Step Act ("FSA") credits toward his term of incarceration. *United States v. Perez Sanchez*, No. 16-CR-661-1 (ARR), 2024 WL 1069884, at *2–5 (E.D.N.Y. Mar. 12, 2024). The FSA allows certain incarcerated individuals to earn credits by participating in "recidivism reduction programs" and to apply those credits

"toward time in prerelease custody or supervised release," 18 U.S.C. § 3632(d)(4)(C), and I had originally not sentenced Mr. Perez Sanchez to any supervised release because he would likely eventually be deported. *Perez Sanchez*, 2024 WL 1069884, at *2. Mr. Perez Sanchez was not subject to a final order of removal, however, and after I sentenced him BOP clarified that only individuals subject to final orders of removal are barred from applying FSA credits toward early release. *Id.* at *4. Reasoning that denying Mr. Perez Sanchez the relief he sought "would prevent the goals of the [FSA] from being fully realized," I added a one-day term of supervised release to his sentence. *Id.* at *5.

Mr. Perez Sanchez reports that after I issued this opinion, the Bureau of Prisons ("BOP") recalculated his sentenced and determined that with the application of FSA credits, his release date was November 18, 2023. Emergency Mot. 2. BOP contacted United States Immigration and Customs Enforcement ("ICE"), according to Mr. Perez Sanchez, and ICE subsequently issued a Notice and Order of Expedited Removal on April 1, 2024. *Id.* Mr. Perez Sanchez states that BOP then "returned [him] to his cell at FCI Coleman" and "the one-year of programming time credit he earned under the FSA was taken from him." *Id.*

## DISCUSSION

Mr. Perez Sanchez's motion attacks the BOP's determination that the order of removal issued after his sentence was recalculated rendered him retroactively ineligible for FSA credits. This is properly construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (explaining that § 2241 permits an individual to "challenge the execution of his sentence, such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention" (cleaned up)); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) ("It is routine for courts to construe [*pro se*] petitions

2

without regard to labeling in determining what, if any, relief the particular petitioner is entitled to."). Due to potential restrictions on second or successive § 2241 petitions, however, I cannot convert this motion into a § 2241 petition without first giving Mr. Perez Sanchez notice and an opportunity to decline the conversion or withdraw the motion. *See Simon v. United States*, 359 F.3d 139, 144–45 (2d Cir. 2004).

I accordingly notify Mr. Perez Sanchez that I find that the instant motion, notwithstanding its designation, should be construed as a petition brought pursuant to 28 U.S.C. § 2241. Mr. Perez Sanchez may withdraw the motion if he does not wish to pursue relief under § 2241; if he chooses to do so, he must notify the court within thirty (30) days of the instant order. If he does not object to recharacterization, I will convert his motion into a § 2241 petition and may thereafter transfer this action if I determine that this district is not the proper venue for the petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (citing "the general rule" that for § 2241 petitions "challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

SO ORDERED.

                                                /s/
                                         Allyne R. Ross
                                         United States District Judge

Dated:       April 18, 2024
              Brooklyn, New York