UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES,

   -against-

OVIDIO PEREZ SANCHEZ,

             *Defendant*.

16-CR-661 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Ovidio Perez Sanchez, proceeding pro se, filed an emergency motion for miscellaneous relief asking me to "enter an Order finding that a Final Order of Deportation entered after the expiration of a sentence cannot be used to go back and retroactively remove credits a Defendant already earned." Emergency Mot. 3, ECF No. 194 (cleaned up). For the following reasons, Mr. Perez Sanchez's emergency motion is construed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241 and is transferred to the United States District Court for the Middle District of Florida.

## BACKGROUND

On March 12, 2024, I issued an order and opinion granting Mr. Perez Sanchez's motion requesting a one-day term of supervised release, finding that the factors set forth in 18 U.S.C. § 3553(a) weighed in favor of doing so to make him eligible to apply First Step Act ("FSA") credits toward his term of incarceration. *United States v. Perez Sanchez*, No. 16-CR-661-1 (ARR), 2024 WL 1069884, at *2–5 (E.D.N.Y. Mar. 12, 2024). The FSA allows certain incarcerated individuals to earn credits by participating in "recidivism reduction programs" and to apply those credits "toward time in prerelease custody or supervised release," 18 U.S.C. § 3632(d)(4)(C). If an

incarcerated individual is sentenced to a term of supervised release after imprisonment, that individual may use FSA credits to transfer to supervised release as early as twelve months ahead of schedule. *Id.* § 3624(g)(3). Originally, I had not sentenced Mr. Perez Sanchez to any supervised release because he would likely eventually be deported. *Perez Sanchez*, 2024 WL 1069884, at *1. Mr. Perez Sanchez was not subject to a final order of removal, however, and after I sentenced him the Bureau of Prisons ("BOP") clarified that only individuals subject to final orders of removal are barred from applying FSA credits toward early release. *Id.* at *4. Reasoning that denying Mr. Perez Sanchez the relief he sought "would prevent the goals of the [FSA] from being fully realized," I added a one-day term of supervised release to his sentence. *Id.* at *5.

Mr. Perez Sanchez reports that in late March, after the publication of my opinion, BOP recalculated his sentence and determined that with the application of FSA credits, his release date was November 18, 2023. Emergency Mot. 2; *id.* Ex. A. BOP then contacted United States Immigration and Customs Enforcement ("ICE"), according to Mr. Perez Sanchez, and ICE subsequently issued a Notice and Order of Expedited Removal on April 1, 2024. *Id.* at 2. Mr. Perez Sanchez states that BOP then "returned [him] to his cell at FCI Coleman," and "the one-year of programming time credit he earned under the FSA was taken from him." *Id.*

On April 18, 2024, I filed an order explaining that because Mr. Perez Sanchez's motion attacks the BOP's application of FSA credits, it is properly construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Order 2, ECF No. 195 (citing *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2004)). Due to potential restrictions on second or successive Section 2241 petitions, I gave Mr. Perez Sanchez notice and an opportunity to decline the conversion and withdraw the motion. *Id.* at 3. Mr. Perez Sanchez filed a notice advising me that he did not object to the recharacterization of the motion. Notice Dated April 27, 2024, ECF No. 196. I subsequently

ordered the government to show cause as to why a writ of habeas corpus should not be issued. Docket Order Dated May 13, 2024. The government filed a response arguing only that I should transfer Mr. Perez Sanchez's petition to the United States District Court for the Middle District of Florida—the district where he is presently confined. Letter Resp. 1–2, ECF No. 197. Mr. Perez Sanchez filed a reply urging me not to transfer the petition. Def.'s Reply, ECF No. 198.

## ANALYSIS

I am deeply troubled by the sequence of events that Mr. Perez Sanchez details in his emergency motion. As he tells it—and the government has not suggested that his version of events is not credible, *see generally* Letter Resp.—BOP recalculated his sentence following my March 12, 2024 opinion, concluded that he should have been released four months earlier, but then retroactively revoked his FSA credits after ICE issued a final order of removal dated April 1, 2024. Emergency Mot. 1–2. As I explained in my March 12, 2024 opinion, however, the FSA bars noncitizens from applying time credits only if they are "subject [to] a final order of removal." 18 U.S.C. § 3632(d)(4)(E)(i). The statute does not speak to whether previously applied FSA credits can be revoked once a noncitizen *becomes* subject to a final order of removal.

Indeed, interpreting the FSA to permit retroactive revocation of credits following a final order of removal would very likely run afoul of the *Ex Post Facto* Clause. *See Lynce v. Mathis*, 519 U.S. 433, 442–46 (1997) (holding that a statute retroactively cancelling early release credits violated the *Ex Post Facto* Clause because it "had the effect of lengthening [the] petitioner's period of incarceration"); *see also Weaver v. Graham*, 450 U.S. 24, 25, 29, 36 (1981) (holding that a statute reducing the availability of good-time credits violated the Ex Post Facto Clause and deeming irrelevant the fact that reduced confinement under the original scheme was not guaranteed because "a law need not impair a 'vested right' to violate the *ex post facto* prohibition"). As of late

3

March 2024, Mr. Perez Sanchez's release was overdue by four months. Only after ICE issued a Notice and Order of Removal did BOP undo its application of Mr. Perez Sanchez's FSA credits. This "had the effect of lengthening [his] period of incarceration." *Lynce*, 519 U.S. at 443.

Unfortunately, I lack jurisdiction to resolve this issue. "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Mr. Perez Sanchez is currently incarcerated in FCI Coleman, which is in the Middle District of Florida. He has asked me to retain jurisdiction over his petition, citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), where the Supreme Court held that a prisoner attacking an interstate detainer through a § 2241 petition could bring the petition in the state whose actions he was challenging rather than in the district of confinement. *Id.* at 498–500. But in *Rumsfeld*, the Supreme Court explained that *Braden* governs only cases where habeas petitioners challenge "a form of 'custody' other than present physical confinement"—for example, as in *Braden*, a challenge to "future confinement" in a state different from the one where the petitioner was presently confined. *Rumsfeld*, 542 U.S. at 444, 438. For challenges to present physical confinement, the "district of confinement rule" still governs. *Id.* at 444. And challenges related to "calculations by the Bureau of Prisons of the credit to be given for other periods of detention" are challenges to present physical confinement, or to "the *execution* of [a prisoner's] sentence." *Poindexter*, 333 F.3d at 377 (cleaned up).

I accordingly construe Mr. Perez Sanchez's emergency motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and transfer the petition to the United States District Court for the Middle District of Florida. I note that Mr. Perez Sanchez's "emergency motion" has been pending for nearly two months, due to the difficulty in ensuring expeditious filings from pro se litigants who are incarcerated and procedural rules no doubt meant to protect pro se litigants.

4

*See Reily v. Ercole*, No. 1:06-CV-5402 (ENV), 2007 WL 1490454, at *2 (E.D.N.Y. May 21, 2007) (noting that "pro se inmate[s] lack . . . control" and are "dependen[t] on the prison mail system" (quotation omitted)); *Simon v. United States*, 359 F.3d 139, 144–45 (2d Cir. 2004) (requiring district courts to give pro se litigants notice and the opportunity to decline conversion of a motion to a Section 2241 petition). I am hopeful that my colleagues in the Middle District of Florida will be able to resolve Mr. Perez Sanchez's petition expeditiously.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is respectfully directed to open a Section 2241 pro se civil case in this court and forthwith transfer the petition, ECF No. 194, along with the government's response, ECF No. 197, and Mr. Perez Sanchez's reply, ECF No. 198, to the United States District Court for the Middle District of Florida.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:      June 3, 2024
               Brooklyn, New York