UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES,

  -against-

OVIDIO PEREZ SANCHEZ,

          *Defendant*.

16-CR-661 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Ovidio Perez Sanchez, proceeding pro se, has filed an "Emergency Motion for Miscellaneous Relief" requesting that I construe his continued incarceration as an extraordinary and compelling circumstance and grant compassionate release under 18 U.S.C. § 3582(c)(1)(A). Emergency Mot. for Misc. Relief 3–4, ECF No. 200. In the alternate, he asks that I grant him bail pending the Middle District of Florida's disposition of his petition. *Id.* at 4. For the following reasons, Mr. Perez Sanchez's motion is DENIED.

## BACKGROUND

On March 12, 2024, I issued an opinion adding a one-day term of supervised release to Mr. Perez Sanchez's sentence so that he would be eligible to apply First Step Act ("FSA") credits toward his term of incarceration. *United States v. Perez Sanchez*, No. 16-CR-661-1, 2024 WL 1069884, at *2–5 (E.D.N.Y. Mar. 12, 2024). I explained that only individuals subject to final orders of removal are barred from applying FSA credits toward early release, so as long as Mr. Perez Sanchez was subject to only a detainer, he would be eligible to do so. *Id.*

On April 9, 2024, Mr. Perez Sanchez filed an emergency motion asking me to "enter an Order finding that a Final Order of Deportation entered after the expiration of a sentence cannot

be used to go back and retroactively remove credits a Defendant already earned." Emergency Mot. 3, ECF No. 194 (cleaned up). He explained that in late March, after the publication of my opinion, the Bureau of Prisons ("BOP") recalculated his sentence and determined that with the application of FSA credits, his release date was November 18, 2023. *Id.* at 2; *id.* Ex. A. BOP then contacted United States Immigration and Customs Enforcement ("ICE"), according to Mr. Perez Sanchez, and ICE subsequently issued a Notice and Order of Expedited Removal on April 1, 2024. *Id.* at 2. Mr. Perez Sanchez stated that BOP then "returned [him] to his cell at FCI Coleman[,] and the one-year of programming time credit he earned under the FSA was taken from him." *Id.*

Because Mr. Perez Sanchez's emergency motion attacked the BOP's application of FSA credits, it was properly construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Order 2, ECF No. 195 (citing *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003)). Due to potential restrictions on second or successive Section 2241 petitions, I gave Mr. Perez Sanchez notice and an opportunity to decline the conversion and withdraw the motion. *Id.* at 3. Mr. Perez Sanchez filed a notice advising me that he did not object to the recharacterization of the motion. Notice Dated April 27, 2024, ECF No. 196. On June 3, 2024, I issued an opinion transferring Mr. Perez Sanchez's petition to the United States District Court for the Middle District of Florida. Order Resolving Emergency Mot., ECF No. 199. I explained that I lacked jurisdiction to resolve his petition because "challenges related to 'calculations by the [BOP] of the credit to be given for other periods of detention' are challenges to present physical confinement," and for "'core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.'" *Id.* at 4 (citing first *Poindexter*, 333 F.3d at 377 (cleaned up), and then *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).

Mr. Perez Sanchez's petition was transferred on June 7, 2024. *Perez Sanchez v. Warden, FCC Coleman*, No. 5:24-CV-287 (M.D. Fla.), ECF No. 3. On June 25, 2024, Florida Magistrate Judge Philip R. Lammens ordered Mr. Perez Sanchez to file an amended petition for writ of habeas corpus using the Middle District of Florida's form. Order, *Perez Sanchez*, No. 5:24-CV-287, ECF No. 6. Mr. Perez Sanchez did so on July 8, 2024, Am. Pet., *id.*, ECF No. 7, and on July 10, 2024, Magistrate Judge Lammens set an expedited briefing schedule, ordering the government to show cause why the petition should not be granted within seven days, Order 2, *id.*, ECF No. 8. The government filed its response on July 17, 2024. *Id.*, ECF No. 10.[1]

Mr. Perez Sanchez filed the instant motion before me on July 1, 2024; that motion was docketed on July 8, 2024. Emergency Mot. for Misc. Relief 1, 5. The government filed its response on July 15, 2024. Letter in Opp'n Mot. Compassionate Release ("Gov't Opp'n"), ECF No. 201. Mr. Perez Sanchez's reply was filed as of July 30, 2024. Reply, ECF No. 202.

## DISCUSSION

**I. Factual questions preclude the conclusion that extraordinary and compelling circumstances justify compassionate release.**

The FSA permits a criminal defendant to move for compassionate release before a federal sentencing court. 18 U.S.C. § 3582(c). To qualify for such relief, a defendant must show: (1) that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf," or that thirty days have lapsed "from the receipt of such a request by the warden of [his] facility, whichever is earlier"; (2) that "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment; (3) that "the [applicable] factors set

---

[1] The proceedings in the Middle District of Florida are properly subject to judicial notice. *Wells v. United States*, 318 U.S. 257, 260 (1943) (noting that a federal district court may take judicial notice of habeas proceedings involving the same party in other federal courts).

forth in section 3553(a)" do not militate against release, despite the existence of extraordinary or compelling reasons; and (4) that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A).

Mr. Perez Sanchez argues that compassionate release is warranted because he remains unlawfully incarcerated beyond the date he should have been released had his FSA credits been applied. Emergency Mot. for Misc. Relief 3–4. He asserts that he should have been released in November 2023, but that by the time his petition before the Middle District of Florida is fully briefed, it will be October 2024—weeks before his now-projected release in November 2024. *Id.* at 1–4; *see* Gov't Opp'n 2; Emergency Mot. for Misc. Relief 3. He contends that he has a "vested liberty interest" in his FSA credits, and that his "unlawful" continued detention constitutes a "compelling reason" for compassionate release. *Id.* at 3–4 (quotation omitted).

As an initial matter, Mr. Perez Sanchez's prediction for his habeas petition's briefing schedule has not been borne out. The magistrate judge ordered expedited briefing, Order 2–3, *Perez Sanchez*, No. 5:24-CV-287, ECF No. 8, and the government filed its response on July 17, 2024, Resp. to Am. Pet. for Writ of Habeas Corpus ("Gov't Resp."), *id.*, ECF No. 10. The magistrate judge also indicated that the petition would be ripe for review within seven days from the date of the government's response or once Mr. Perez Sanchez filed a reply—whichever was sooner. Order 3, *id.*, ECF No. 8. Mr. Perez Sanchez filed his reply on July 25, 2024. Reply, *id.*, ECF No. 11 The petition therefore was fully briefed as of July 25, 2024, and briefing will not necessarily extend well into the fall.

Moreover, the government's response to Mr. Perez Sanchez's pending habeas petition introduced new factual ambiguities that the Middle District of Florida is better equipped to resolve than this court. My previous two opinions were premised on Mr. Perez Sanchez's representation

4

that, prior to my March 12, 2024 opinion, he was subject to only an immigration detainer and not a final order of removal. *See Perez Sanchez*, 2024 WL 1069884, at *4; *id.* at *3 n.3 (noting that the government never responded to Mr. Perez Sanchez's motion to add a day of supervised release to his sentence); Order Resolving Emergency Mot. 3. But the government has now offered evidence in the Florida case suggesting otherwise. In a declaration, a Supervisory Correctional Systems Specialist with the BOP attests that on January 18, 2023, the Department of Homeland Security indicated that there was a final order of removal against Mr. Perez Sanchez. Gov't Resp., Ex. 1 ¶ 8, *Perez Sanchez*, No. 5:24-CV-287, ECF No. 10-1. This is somewhat in tension with the fact that ICE did not issue a Notice and Order of Expedited Removal until April 1, 2024. *See* Order Resolving Emergency Mot. 2. If Mr. Perez Sanchez was subject to a final order of removal as of January 18, 2023, however, then he became ineligible to apply FSA credits toward early release on that date.

Even assuming that the revocation of FSA credits after a noncitizen becomes subject to a final order of removal could constitute extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A), and even assuming that Mr. Perez Sanchez could satisfy the other conditions for compassionate release, it is unclear whether his FSA credits were in fact *improperly* revoked. That issue is now before the Middle District of Florida, and that court is better positioned to resolve the factual questions that govern in both that case and this motion. For this court to engage in separate fact finding would be inefficient and duplicative, especially given that Magistrate Judge Lammens has set an expedited briefing schedule for Mr. Perez Sanchez's petition. I accordingly must deny Mr. Perez Sanchez's request for compassionate release.

**II.   Bail is not available.**

Mr. Perez Sanchez also argues that I can offer him relief by granting him bail pending disposition of his habeas petition in the Middle District of Florida. Emergency Mot. for Misc. Relief 4. "[F]ederal courts have inherent authority to admit to bail individuals properly within their jurisdiction," including by "grant[ing] bail to habeas petitioners . . . in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) (quotations omitted). Critically, however, Mr. Perez Sanchez's habeas petition is not "properly within" my jurisdiction for the reasons explained in my previous opinion. Order Resolving Emergency Mot. 4. And even if it were, I cannot conclude that extraordinary or exceptional circumstances exist for the reasons detailed above. I must therefore also deny his request for bail.

## CONCLUSION

For the foregoing reasons, Mr. Perez Sanchez's motion for compassionate release or for bail pending disposition of his habeas petition is DENIED.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:   July 30, 2024
         Brooklyn, New York